# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY WALLETT,<br><br>                                         Plaintiff,<br>   vs.<br>AMERICAN AIRLINES, INC.,<br><br>                                        Defendant. | CASE NO. 06CV2234-LAB (NLS)<br>**ORDER DISMISSING ACTION**<br>[Dkt No. 6] |

      In September 2006, plaintiff Tammy Wallett ("Wallett"), proceeding *pro se*, filed a Complaint against her former employer, American Airlines, Inc., in small claims court alleging defendant breached a collective bargaining agreement when it terminated her stock options upon her resignation. Defendant removed the case to federal court alleging original jurisdiction in this court on grounds the collective bargaining agreement is governed by the terms of the Railway Labor Act, 45 U.S.C. §§ 151, *et seq.* Defendant then filed a Motion To Dismiss ("Motion"), asserting Wallett's claim for breach of contract is preempted as a "minor dispute" under that statute, triggering the application of a mandated grievance arbitration provision, depriving this court of jurisdiction over the dispute.

      The Motion was calendared to be heard December 11, 2006. On November 29, 2006, an attorney purporting to act on Wallett's behalf presented for filing a unilateral Dismissal Without Prejudice pursuant to FED. R. CIV. P. 41, as no responsive pleading to her complaint has yet been filed. However, Wallett filed no substitution to

authorize anyone to act on her behalf, and she remains *in propria persona* with respect to any appearances in this case. The court twice telephonically notified her purported counsel, then her, of the need for her to present a Request For Dismissal executed by herself in order to accomplish her apparent objective, that the November 29, 2006 filing was ineffective. As memorialized in the court's December 7, 2006 Minute Order, the hearing of the Motion was taken off-calendar in consideration of the indication Wallett intended to voluntarily dismiss the action. However, as of the date of this Order, she has taken no formal action in that regard. The deadline to oppose the Motion passed on November 27, 2006 with no response on the merits. Defendant served and filed a timely Reply, asking the court, among other things, in consideration of Wallett's attempted voluntary dismissal and because she failed to oppose the Motion, to rule on the papers and to grant the Motion. Pursuant to Civil Local Rule 7.1(f)(3)(c), the court may construe a party's failure to oppose a motion as consent to the granting of the motion. However, the court declines to reach the merits of defendant's Motion in these circumstances.

Accordingly, **IT IS HEREBY ORDERED** the dismissal result defendant requested is **GRANTED**, but on grounds Wallett has manifested an intent not to prosecute her claims in federal court at this time. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**, with the admonition that if Wallet seeks to pursue her claims in future by filing any action in this or any other court, she must address as part of her pleading the preemption issue asserted in defendant's Motion.

**IT IS SO ORDERED**.

DATED: December 20, 2006

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge